RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _ 1 / 7 / 13_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EARL JOHNSON #31261-034 | DOCKET NO. 12-CV-2547; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Earl Johnson. Petitioner is an inmate incarcerated at the Federal Correctional Institution in Pollock, Louisiana (FCC Pollock). He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner was arrested on drug charges by State of Louisiana officials on May 13, 2009, resulting in a violation of his Louisiana parole. On May 18, 2009, Johnson's parole was revoked.

On November 6, 2009, while incarcerated at the Orleans Parish Prison, Johnson was indicted by a federal grand jury in the Eastern District of Louisiana on charges of possession with intent to distribute crack cocaine, conspiracy to possess with intent to distribute crack cocaine, and use of a communication facility, in violation of Title 21, U.S.C. §846 & 841(a)(1). On November 13,

2009, Petitioner was "loaned" to the United States Marshal Service pursuant to a writ of habeas corpus ad prosequendum in order to face the federal charges. [2:09-cr-00373; E.D.La. Doc. #1, 20]

On May 12, 2010, Petitioner pled guilty to possession with the intent to distribute five grams or more of "crack" cocaine in violation of 21 U.S.C. §841; illegal use of the telephone, in violation of 18 U.S.C. §2; and having a prior felony drug conviction pursuant to 21 U.S.C. §851. [2:09-cr-00373; Doc. #115-116] On January 12, 2011, Petitioner was sentenced in the Eastern District of Louisiana to 120 months of imprisonment. Following sentencing, Petitioner was returned to state custody. On June 23, 2011, Petitioner was paroled from his state sentence to USMS custody to start his federal term of imprisonment.

Petitioner contends that, from the date of indictment - November 6, 2009, until the date of sentencing - January 12, 2011, he was in federal custody and should be given credit for that time against his federal sentence.

## Law and Analysis

U.S.C. §3585 governs the calculation of a term of imprisonment. The law provides that a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. Under 18 U.S.C. §3585(b), a prisoner may receive credit against his

federal prison term for any time spent in official detention prior to the commencement of his sentence "**that has not been credited against another sentence.**" (West 1998)(emphasis added). Only the Attorney General, through the Bureau of Prisons, may compute a prisoner's credits. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2003)(citing U.S. v. Wilson, 503 U.S. 329, 334-35 (1992)).[1] In this case, the Bureau of Prisons denied Petitioner's request for federal credit from May 13, 2009 through January 12, 2011. [Doc. #12, p.14-15]

Even though, on November 20, 2009, the state nolle processed charges against Petitioner on the drug offense, **the state retained primary jurisdiction over him because of the ongoing parole violation case.** Petitioner was sentenced in state court on January 12, 2011, to two years, six months, and three days for violating the conditions of his state parole. His state sentence was satisfied on June 23, 2011, because Petitioner was given state credit for the time in which he was in "borrowed" federal custody. Generally, an inmate is not allowed credit toward his federal

---

[1] In fact, Johnson actually petitioned the sentencing court in the Eastern District of Louisiana, by letter, asking that it award prior custody credit against his federal sentence. The Court treated the letter as a motion, which it denied on March 21, 2012, on the grounds that Petitioner had not exhausted his administrative remedies. The Court noted that computation was at the discretion of the Bureau of Prisons and that only the Attorney General, through the Bureau of Prisons, may compute a prisoner's credits. [2:09-cr-00373; E.D.La. Doc. #339]

3

sentence if the prior custody time was credited toward his state sentence. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983).

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**.

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 7th day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE